WEAVER and Another *v.* FIELD and Another.

A judgment for a certain sum with interest from a previous date was replevied, and afterwards, on a writ of error, altered as respected the interest: *Held*, that this did not affect the validity of the replevin bond.

Such an alteration in the judgment only operates to control the plaintiff as to the amount to be collected on the execution.

An obligor in a replevin bond cannot move to set it aside, on the ground that the replevin law is unconstitutional.

ERROR to the *Dearborn* Circuit Court.

SCOTT, J.—The *Dearborn* Circuit Court, at its *February* term, 1820, rendered judgment on confession in favour of *Field* and *Forbes*, against *J. W. Weaver* and *D. Weaver*, for the sum of 376 dollars and 43 cents, with accruing interest from the 11th day

of *January*, 1818. On the 19th of *May*, 1821, the defendants entered into a replevin bond, with *G. Weaver* their surety, in the sum of 752 dollars and 86 cents, conditioned for the payment of the said judgment at or before the expiration of 18 months; the time then limited by law for stay of execution. At the *May* term of this Court, in the year 1823, the judgment was corrected as to the interest; and, at the *May* term of the *Dearborn* Circuit Court, 1824, *G. Weaver*, the replevin surety, moved to set aside the replevin bond, and showed for cause that there was no such judgment remaining of record in the *Dearborn* Circuit Court, as was set forth in the replevin bond. The Circuit Court overruled the motion. The defendants below excepted to the opinion of the Court; and here urge the same objection to the bond, which was offered in the Circuit Court; and allege, in addition, that the law under which the bond was taken is in violation of the constitution of the *United States*.

In the case of *Morrison* v. *Naylor* (1), the objection was that the bond was for a larger sum than was really due. The error was committed in the taking of the bond. That was a stronger case for the plaintiff in error than the present; but this Court refused to sustain the objection. In this case there was, at the time the bond was given, a judgment of the Circuit Court then remaining in force. The records of that Court show that there was, at that time, such a judgment; and it is not alleged that there is any variance between the bond and the judgment as it then stood. The bond was good when it was executed; and any alteration which took place by the correction of the original judgment, could only operate to control the plaintiffs as to the amount to be collected by execution; which amount might be endorsed on the execution by the clerk as in case of a judgment on a penal bond. There exists no such variance between the bond and the judgment, as would put it in the power of the plaintiffs, after collecting their debt upon the bond, to resort to the judgment and collect the same again. The judgment is as well identified as if it had never been corrected. The bond was well taken; and, in fact, to have taken it differently at that time, would have been manifestly wrong. The time allowed by the statute, and specified in the condition of the bond, for the payment of the money, had elapsed six months before the motion to set aside the bond. In this state of things, to make the amount of the judgment, after the correction of it by this Court,

May Term, the criterion to test the sufficiency of the bond taken before the
1825.    correction, would be giving the defendants an advantage to
which neither law nor justice would entitle them: it would be
permitting them to set aside their own act, on pretence of ille-
gality, to the manifest prejudice of the plaintiffs; and that, too,
after having enjoyed all the benefit that could have been deriv-
ed from the bond, had the judgment never been corrected.    To
a person of ordinary discernment, acquainted only with the
plain principles of justice and common sense, it would forever
remain a mystery, why such a criterion should be adopted ra-
ther than the intrinsic merits of the case.

The second objection to the validity of the bond presents a
question of more difficulty; but as that question has been consi-
dered and settled, in the case of *Magruder* v. *Marshall* (2), it is
unnecessary to enlarge upon it here.

*Per Curiam.*—The judgment is affirmed with costs.

*Dunn* and *Caswell*, for the plaintiffs.

*Lane*, for the defendants.

(1) In this case, the Circuit Court permitted the execution plaintiff to a-
mend the replevin bond by the judgment; and, on error, the proceeding was
sustained.   *May* term, 1823.

